KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roy Fernandez, | No. CV-26-01217-PHX-MTL (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| Unknown Party, | |
| Respondent. | |

Self-represented Petitioner Roy Fernandez, who is confined in the Arizona State Prison Complex-Lewis, has filed a Petition for a Writ of Mandamus (Doc. 1). Petitioner has not paid the filing fees or filed an Application to Proceed In Forma Pauperis. However, the Court, in the interest of justice, has reviewed the Petition to determine whether Court intervention is appropriate notwithstanding Petitioner's failure to pay the fees or file an Application to Proceed. The Court will deny the Petition and dismiss this action.

In his Petition for Writ of Mandamus, Petitioner asks that the Court "intervene and assume control over" Maricopa County Superior Court Case No. CR2010-102629-001-DT. (Doc. 1 at 2.) The Court lacks jurisdiction to issue a writ of mandamus to a state court. *See Demos v. United States Dist. Ct. for E. Dist. of Wash.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (district court "lacks jurisdiction to issue a writ of mandamus to a state court" and "attempts to obtain a writ in this court to compel a state court to take or refrain from some action . . . are frivolous as a matter of law").

Moreover, to the extent Petitioner is requesting this Court review and reverse the state court decision in the case at issue, this Court lacks jurisdiction to do so. Under the *Rooker-Feldman* doctrine, "lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the Supreme Court of the United States." *Mothershed v. Justices of Supreme Court*, 410 F.3d 602, 606 (9th Cir. 2005); *see also Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "[T]he *Rooker–Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding 'in which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Accordingly, the Court will dismiss the Petition and this action.

**IT IS ORDERED:**

(1)   Petitioner's Petition for a Writ of Mandamus (Doc. 1) and this case are **dismissed without prejudice**.

(2)   The Clerk of Court must enter judgment accordingly and close this case.

Dated this 3rd day of March, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge